FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -4 PM 2: 41

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAUNCEY D. TAYLOR | CIVIL ACTION |
| VERSUS | NUMBER: 05-2411 |
| WARDEN GARY COPES | SECTION: "T"(5) |

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Chauncey D. Taylor, and the State's response thereto. (Rec. docs. 1, 4). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Taylor's petition be dismissed without prejudice.

Petitioner Taylor is a state prisoner who is presently incarcerated at the South Louisiana Correctional Center, Basile,

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc No._____

Louisiana. On February 11, 2003, Taylor was found guilty of one count of aggravated battery, one count of being a felon in possession of a firearm, and one count of possession of cocaine after trial, by jury, in the Twenty-Four Judicial District Court for the Parish of Jefferson, State of Louisiana. (St. ct. rec., vol. 1 of 5, pp. 19-20). On February 24, 2003, Taylor was sentenced to concurrent jail terms of ten years, fifteen years, and five years. (St. ct. rec., vol. 2 of 5, pp. 316-317). The State then filed a multiple offender bill of information accusing Taylor of being a third felony offender under LSA-R.S. 15:529.1. (St. ct. rec., vol. 1 of 5, pp. 70-71; vol. 2 of 5, p. 318). Taylor subsequently pled guilty to the multiple offender bill of information, whereupon the original sentence on his aggravated battery conviction was vacated and he was resentenced to seventeen and one-half years as to that count under R.S. 15:529.1. (St. ct. rec., vol. 1 of 5, pp. 68-69).

Taylor directly appealed his conviction and sentences to the Louisiana Fifth Circuit Court of Appeal, arguing that the evidence presented at his trial was insufficient to support the verdict of guilt. On April 27, 2004, the Louisiana Fifth Circuit affirmed Taylor's conviction but remanded the matter to the trial court for correction of a minute entry and the commitment order. State v. Taylor, 874 So.2d 297 (La. App. 5th Cir. 2004). Writs were subsequently denied by the Louisiana Supreme Court on November 8,

his federal habeas petition, Taylor argues that his conviction was obtained by the use of a coerced confession, through the use of evidence gained pursuant to an unconstitutional search and seizure, and due to ineffective assistance of counsel. (Rec. doc. 1).

Before addressing Taylor's claims for relief, the Court must first determine if he has exhausted available state court remedies as required by 28 U.S.C. §2254(b)(1)(A). Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). The exhaustion requirement is satisfied only where the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

As noted in the procedural history set forth above, since the date that he was convicted, Taylor has been before the Louisiana Supreme Court via two separate writ applications, complaining only of the sufficiency of the evidence presented at his trial. (St. ct. rec., vol. 5 of 5). He has not presented to the Louisiana Supreme Court the three claims that he now urges in his federal habeas petition. Until he does so, it would be premature for the Court to consider the merits of those three claims.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Chauncey D. Taylor

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Chauncey D. Taylor be dismissed with prejudice for failure to exhaust available state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

Baton Rouge, Louisiana, this 4th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE